# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

DAVID MORRIS,                    *
                                 *
    Plaintiff,          *
                                 *
vs.                              *  CIVIL ACTION NO. 20-00126-KD-B
                                 *
SOUTHERN INTERMODAL XPRESS,      *
LLC,                             *
                                 *
    Defendant.          *

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Southern Intermodal Xpress, LLC's motion to dismiss (Doc. 2), Plaintiff David Morris's response, which the Court construes as a motion to remand (Doc. 6), and Defendant's reply (Doc. 7). The motions, which are ripe for resolution, have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. CivLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned **RECOMMENDS**, for the reasons stated herein, that Plaintiff's motion to remand be **DENIED**, that Defendant's motion to dismiss be **DENIED without prejudice**, and that Plaintiff be afforded an opportunity to amend his complaint.

## I. BACKGROUND

On December 16, 2019, Plaintiff David Morris ("Morris"), proceeding *pro se*, filed the instant lawsuit in the Circuit Court of Mobile County, Alabama. (Doc. 1-1 at 6-15). Morris's complaint

lists as defendants Southern Intermodal Xpress, LLC ("SIX") and ten fictitious parties, A, B, C, D, E, F, G, H, I, and K, "to be added as discovery warrant[s]." (Id. at 6, 9, 12). Morris utilizes a form "EEOC Complaint" and attaches thereto another form civil rights complaint that he labels "Add Complaint", along with an EEOC right-to-sue notice. (See id. at 6-15).

Morris's EEOC Complaint states: "This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g)." (Id. at 6, 9). Morris checks a box stating that the acts complained of in his lawsuit concern the termination of his employment. (Id.). Morris further alleges that he was discharged after being employed by SIX for "[m]any years." (Id. at 7, 10). Morris also checks boxes indicating that "Defendant(s)' conduct is discriminatory with respect to" his race, sex, and age. (Id.).

In response to a question on the EEOC Complaint form seeking the name, race, sex, and position or title of each individual who allegedly discriminated against him during his employment with SIX, Morris states: "All the employees of the defendants who's [sic] names will be so added to this complaint. All white both male and female employer, supervisor and etal." (Id.). When asked to describe "the manner in which the individual(s) named above

discriminated against [him] in terms of the conditions of [his] employment," Morris states, in an apparent reference to the attached "Add Complaint": "[S]ee attachment page 1 and 2. [T]o be amended." (Id.).

On the "Add Complaint", when instructed to "[s]tate the facts on which you base your allegation that your constitutional rights have been violated," Morris avers:

> Defendants are all white persons and defendants conduct towards plaintiff was extreme and outrageous. Defendants acts caused plaintiff severe emotional distress. Defendants breached an oral insurance contract. Plaintiff asserte [sic] race discrimination based on unequal pay, hostile work environment, retaliation. Also, fraud practiced against plaintiff by defendants. Defendants practiced age discrimination against plaintiff. Plaintiff is a member if a procted [sic] class; plaintiff was subjected to an adverse employment action; the employer treated similarly situated employees who were not members of the plaintiff class [sic] more favorably; and plaintiff was qualified for the job and benefit at issue. Plaintiff was terminated and plaintiff did not receive insurance benefits.

(Id. at 12). Morris seeks recovery of back pay, reinstatement to his former job, and "any other relief that may be appropriate, including injunctive orders, damages, costs, and attorneys fees." (Id. at 8, 11).

SIX was served with Morris's lawsuit on February 13, 2020. (Id. at 30-32). On March 3, 2020, SIX removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (Doc. 1). A day later, SIX filed the instant motion to dismiss Morris's

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).
(Doc. 2). In its motion, SIX asserts that Morris's complaint fails
to state a claim upon which relief can be granted because it
contains only conclusory allegations and is devoid of supporting
facts. (Id. at 1, 4-6). SIX further asserts that Morris's fraud
claim fails because Morris did not plead it with particularity as
required by Federal Rule of Civil Procedure 9(b). (Id. at 1, 5).

The Court ordered Morris to file a response to SIX's motion
to dismiss on or before March 24, 2020. (Doc. 3). On March 24,
2020, Morris filed a sworn and notarized handwritten document that
states, in relevant part:

I.
The fully name Defendant(s)/A-K are in default of
Plaintiff civil action complaint. Plaintiff moves this
Honorable Court for default judgment on state and
federal law claims asserted by the Plaintiff.

II.
Defendants/A-K has failed to serve adverse Plaintiff
with any pleading which may or may not appear of record
before the above described Courts.

III.
David Morris notified respective Court officials of the
same, David Morris did not recieve and [sic] pleadings
from the adverse party and or as adverse party.

Wherefore David Morris seeks appropriate relief under
the circumstance.

(Doc. 4 at 1-2). In light of Morris's assertion, which SIX vehemently denies,[1] that he was not provided with a copy of the documents SIX filed with this Court, the undersigned, out of an abundance of caution, directed the Clerk of Court to send Morris a copy of SIX's motion to dismiss and extended the deadline for Morris to respond to the motion to April 30, 2020. (Doc. 5).

On April 30, 2020, Morris filed another sworn and notarized handwritten document entitled "David Morris Affidavit/Special-Limited Appearance for Cause". (Doc. 6). Morris's most recent filing makes no mention of SIX or its pending motion to dismiss; instead, he lists only fictitious party defendants in the caption and body. (See id.). In the affidavit, Morris states that he "does not agree that this Court has jurisdiction over David Morris cause of action against A.; B.; C.; and D.; E.; F.; and G.; H.; I.; and J.; K.; et. al." (Id. at 3). Morris also "adopts" his March 24, 2020 filing and declares "his determination" to pursue "his entire cause of action in select court." (Id. at 2-3).

On May 15, 2020, SIX filed a reply to Morris's filing. (Doc. 7). In its reply, SIX asserts that the Court should construe Morris's "Affidavit/Special-Limited Appearance for Cause" as a

---

[1] Counsel for SIX avers that Morris's contention that SIX failed to serve him with pleadings is "blatantly false." (Doc. 7 at 2). According to SIX's counsel, her office served Morris with the notice of removal no less than three times, including with a certified copy that he failed to pick up from the Post Office. (See Docs. 7, 7-1, 7-2).

motion to remand, and that the Court should deny Morris's request for remand as untimely and without merit. (Id. at 1). SIX also points out that Morris failed to address any of the arguments in its motion to dismiss and contends that the Court should therefore grant its motion and dismiss Morris's complaint. (Id.).

As a preliminary matter, the undersigned observes that when considering a *pro se* litigant's filings, a court gives them a liberal construction, holding them to a less stringent standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

In light of the foregoing, Morris's filing (Doc. 6) is being construed as a motion to remand. Both SIX's motion to dismiss (Doc. 2) and Morris's motion to remand (Doc. 6) are ripe for resolution.

## II. <u>MOTION TO REMAND</u>

### A.    Standard of Review.

Any civil action brought in a State court over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending.  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1331, federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  To determine whether original jurisdiction exists under 28 U.S.C. § 1331, "a court must look to the well-pleaded complaint alone."  <u>Adventure Outdoors, Inc. v. Bloomberg</u>, 552 F.3d 1290, 1295 (11th Cir. 2008).  Thus, the removing defendant must show that the plaintiff's complaint, "as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction."  <u>Id.</u>  "If a complaint sets forth multiple causes of action, and '[one cause of action] comes within the original jurisdiction of the federal courts, [then] removal was proper as to the whole case.'"  <u>Furlowe v. W. Fraser, Inc.</u>, 2011 U.S. Dist. LEXIS 43486, at *4, 2011 WL 1540153, at *1 (S.D. Ala. Apr. 5, 2011) (quoting <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 13 (1983)), <u>report and recommendation adopted</u>, 2011 U.S. Dist. LEXIS 43542, 2011 WL 1539973 (S.D. Ala. Apr. 21, 2011); <u>see</u> 28 U.S.C. § 1441(c).

On a motion to remand, the "removing defendant bears the burden of proving proper federal jurisdiction." Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002). Removal statutes are construed narrowly, and any uncertainties about the propriety of federal jurisdiction are resolved in favor of remand to state court. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

In addition, 28 U.S.C. § 1447(c) provides, in relevant part, that:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). The plain language of the statute requires a motion to remand on any basis other than lack of subject matter jurisdiction to be made within thirty days after the filing of the notice of removal. Whitfield v. Miami-Dade Cnty. Police Dep't, 535 F. App'x 772, 773 (11th Cir. 2013) (per curiam).

**B.  Discussion.**

In this case, the basis for Morris's motion to remand is unclear, since he does not state a reason why this case should be remanded and instead merely asserts "his determination" to pursue "his entire cause of action in select court." (See Doc. 6 at 3). If Morris is somehow attempting to allege a procedural defect in

8

SIX's removal of this case, his motion is untimely, since he failed

to seek remand within thirty days after the filing of SIX's notice

of removal.  SIX filed its notice of removal in this Court on March

3, 2020; thus, Morris's motion to remand was due on April 2, 2020.

Yet, Morris filed nothing that could be construed as a motion to

remand until April 30, 2020.  Thus, to the extent Morris asserts

procedural defects in SIX's removal of this action, his motion is

untimely.[2]

---

[2] The Court recognizes Morris's assertion that SIX failed to serve
the removal papers on him.  (See Doc. 4).  However, "[t]he common
law has long recognized a rebuttable presumption that an item
properly mailed was received by the addressee."  Konst v. Fla. E.
Coast Ry. Co., 71 F.3d 850, 851 (11th Cir. 1996).  "Where there is
'a certificate of service showing that the [document] was mailed
to [the intended recipient] at his home address[,]' it is 'presumed
that the [document] was received.'"  Berman v. Kafka, 2014 WL
12618194, at *1 (M.D. Fla. Nov. 3, 2014) (quoting In re Farris,
365 F. App'x 198, 200 (11th Cir. 2010) (per curiam)).  "The
presumption of receipt may be rebutted . . . by producing evidence
which would support a finding of the non-existence of the presumed
fact."  Farris, 365 F. App'x at 200 (citation and internal
quotation marks omitted).  "The mere denial of receipt, without
more, is insufficient to rebut the presumption."  Id. (citations
omitted).  However, "direct testimony of nonreceipt, combined with
other evidence, may be sufficient to rebut the presumption."  Id.
(citation omitted).

Here, in a certificate of service attached to the notice of
removal, SIX's counsel represented to the Court that she served
Morris with the notice of removal by mailing it, properly addressed
and with postage prepaid, to Morris's post office address, which
is his address of record.  (See Doc. 1 at 3).  SIX's certificate
of service creates a rebuttable presumption that the removal
documents were received.  See Wilkes v. Sightler, 2011 U.S. Dist.
LEXIS 44590, at *4-5, 2011 WL 1575193, at *2 (S.D. Ga. Apr. 26,
2011) ("Defendant's response to Plaintiff's motion included a
certificate of service dated December 23, which indicated that
Plaintiff was served with a copy of that response. . . . This

To the extent Morris's filing can be construed to allege a lack of subject matter jurisdiction, it is due to be denied because federal question jurisdiction exists. A federal question exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir. 1998). "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." Jefferson Cnty., Ala. v. Acker, 527 U.S. 423, 430-31 (1999). In this case, Morris's EEOC Complaint expressly states that this action is brought pursuant to Title VII of the Civil Rights Act of 1964, and that "[j]urisdiction is specifically conferred on the Court by 42 U.S.C. § 2000e-5." (Doc. 1-1 at 6, 9). Accordingly, there is no question that this Court has original federal question jurisdiction over the subject matter

---

certificate of service creates a presumption that Defendant's response was received by Plaintiff . . . ."). Morris's bare denial of receipt is not sufficient to overcome the presumption that SIX's removal documents, which were mailed to Morris at his proper address, were received by him.

of Morris's lawsuit.[3]  See Furlowe, 2011 U.S. Dist. LEXIS 43486,
at *4, 2011 WL 1540153, at *2 ("The Title VII claim made by
Plaintiff evokes federal question jurisdiction, even if the two
other claims are state claims; thus, this case has been properly
removed.").  Accordingly, Morris's motion to remand (Doc. 6) is
due to be **DENIED**.

## III. <u>MOTION TO DISMISS</u>

### A.  **Standards of Review.**

#### 1.  **Rule 12(b)(6).**

---

[3] Supplemental jurisdiction over state law claims exists where the
claims "are so related to claims in the action within such original
jurisdiction that they form part of the same case or controversy
under Article III of the United States Constitution."  28 U.S.C.
§ 1367(a).  This standard "confers supplemental jurisdiction over
all state claims which arise out of a common nucleus of operative
fact with a substantial federal claim."  Lucero v. Trosch, 121
F.3d 591, 597 (11th Cir. 1997).  "A federal court's power or
jurisdiction to entertain supplemental state claims is ordinarily
determined on the pleadings."  Id. at 598.

Here, because Morris's complaint is bereft of even the most
basic facts, it is unclear which specific facts he relies on to
support his various claims.  Therefore, the Court is unable to
determine whether it has supplemental jurisdiction over Morris's
state law claims pursuant to 28 U.S.C. § 1367.  Regardless, 28
U.S.C. § 1441(c) makes clear that where a claim arising under
federal law is included in a civil action with a claim that is
made nonremovable by statute or that is not within the original or
supplemental jurisdiction of the district courts, the entire
action is subject to removal, but the district court must sever
and remand all claims that are made nonremovable or that are
outside of its original or supplemental jurisdiction. See 28 U.S.C.
§ 1441(c); Fed. Nat. Mortg. Ass'n v. Morris, 118 F. Supp. 3d 1288,
1293 (N.D. Ala. 2015).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On such a motion, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Little v. City of N. Miami, 805 F.2d 962, 965 (11th Cir. 1986) (per curiam) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam) (quoting GSW, Inc. v. Long Cnty., 999 F.2d 1508, 1510 (11th Cir. 1993)). The court must draw "all reasonable inferences in the plaintiff's favor." St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002). However, the court is not required to accept as true a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (citation and internal quotation marks omitted). A complaint "does not need

detailed factual allegations," but a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Id.</u> at 555-56 (internal citations and parentheticals omitted). The plaintiff must plead "enough facts to state a claim that is plausible on its face." <u>Id.</u> at 570. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." <u>Id.</u>

"[U]nsupported conclusions of law or of mixed fact and law" will not defeat a Rule 12(b)(6) motion for dismissal. <u>Dalrymple v. Reno</u>, 334 F.3d 991, 996 (11th Cir. 2003) (quoting <u>Marsh v. Butler Cnty., Ala.</u>, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Iqbal</u>, 556 U.S. at 679.

**2.    Rule 8 and Rule 10.**

Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which provides that a complaint "must contain . . . a short and plain statement of the

13

claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Rule 8(a)(2)'s purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"  <u>Twombly</u>, 550 U.S. at 555 (citation and internal quotation marks omitted).  Further, the allegations in the complaint "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"  <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313, 1320 (11th Cir. 2015); <u>see also</u> <u>LaCroix v. W. Dist. of Ky.</u>, 627 F. App'x 816, 818-19 (11th Cir. 2015) (per curiam) (noting that the Eleventh Circuit "has repeatedly condemned shotgun pleadings" and finding that plaintiff's complaint was properly dismissed because it was "a classic shotgun pleading" that did not comply with Rules 8(a), 8(d), or 10(b)).  Although there are different types of shotgun pleadings, their "unifying characteristic . . . is that they fail to one degree or another,

and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

**B. Discussion.**

Even after giving Morris's complaint the most liberal construction possible under the law, the undersigned concludes that Morris has failed to state any plausible claim for relief. Indeed, Morris's complaint is a paradigmatic shotgun pleading that violates Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure and fails to give the Defendants and the Court adequate notice of his claims and the grounds upon which they rest. See Weiland, 792 F.3d at 1323.

As an initial matter, Morris's complaint fails to specify which causes of action he is attempting to assert. In one rambling paragraph, Morris weaves together, in utterly haphazard fashion, what appear to be a variety of statutory, contract, and tort claims. Specifically, in that paragraph, Morris asserts: (1) that "defendants conduct towards [him] was extreme and outrageous" and caused him "severe emotional distress"; (2) that "Defendants breached an oral insurance contract"; (3) "race discrimination based on unequal pay, hostile work environment, retaliation"; (4) "fraud practiced against [him] by defendants"; (5) that "Defendants practiced age discrimination" against him; and (6) that he "was terminated and did not receive insurance benefits."

(Doc. 1-1 at 12).  By clustering these allegations together in a single paragraph, Morris "commits the sin of not separating into a different count each cause of action or claim for relief."  See Weiland, 792 F.3d at 1323; see also Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996) (characterizing as a shotgun pleading a complaint that "was framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts"); Novak v. Cobb Cnty. Kennestone Hosp. Auth., 74 F.3d 1173, 1175 & n.5 (11th Cir. 1996) (referring to a complaint that pleaded several discrete causes of action in a single count as "a quintessential 'shotgun pleading'"); Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (finding that failure to "present each claim for relief in a separate count, as required by Rule 10(b)," constitutes a shotgun pleading).

As noted, Morris avers in his complaint that he is seeking to raise claims under Title VII for race discrimination. He appears to assert claims based on unequal pay,[4] hostile work environment,[5] retaliation,[6] and wrongful termination.[7]

---

[4] To state a Title VII claim for racial discrimination in compensation, a claimant must allege facts from which the Court can plausibly infer that: (1) he belongs to a racial minority; (2) he received low wages; (3) similarly situated comparators outside his protected class received higher compensation; and (4) he was qualified to receive the higher wage. Short v. Immokalee Water & Sewer Dist., 165 F. Supp. 3d 1129, 1147 (M.D. Fla. 2016) (citations omitted); Freeman v. Koch Foods of Ala., 777 F. Supp. 2d 1264, 1281 (M.D. Ala. 2011).

[5] It is not clear whether Morris alleges a racially hostile work environment, a retaliatory hostile work environment, or both. To establish a racially hostile work environment claim under Title VII, a plaintiff must allege facts suggesting that: (1) he belongs to a protected group; (2) he was subjected to unwelcome racial harassment; (3) the harassment was based on his race; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such environment under either a theory of vicarious or direct liability. Short, 165 F. Supp. 3d at 1141 (citations omitted). To state a claim for retaliatory hostile work environment, a plaintiff must allege facts suggesting that "(1) he engaged in a statutorily protected activity; (2) he has been subject to unwelcome harassment; (3) the harassment was based on his engaging in the protected activity; and (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of his employment." Kelly v. Dun & Bradstreet, Inc., 641 F. App'x 922, 923 (11th Cir. 2016) (per curiam).

[6] To state a claim for retaliation under Title VII, a plaintiff must allege the following elements: (1) that he participated in an activity protected by Title VII; (2) that he suffered an adverse employment action; and (3) that there is a causal connection between the participation in the protected activity and the adverse action. Arafat v. Sch. Bd. of Broward Cnty., 549 F. App'x 872, 874 (11th Cir. 2013) (per curiam) (citing Pipkins v. City of Temple Terrace, 267 F.3d 1197, 1201 (11th Cir. 2001)).

Although Morris never mentions or cites the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, his allegation that "Defendants practiced age discrimination against plaintiff" may be liberally construed to assert an age discrimination claim under the ADEA. See Prince v. Rice, 453 F. Supp. 2d 14, 19 n.1 (D.D.C. 2006) ("It should be noted that Title VII does not apply to claims of age discrimination. Rather, such claims arise under a separate statute—the Age Discrimination in Employment Act ('ADEA')."); Salamo Martinez v. Celulares Telefonica, Inc., 272 F. Supp. 2d 144, 152 (D.P.R. 2003) (noting that plaintiff who attempted to bring Title VII claim for discrimination on the basis of age did not bring his cause of action under the appropriate statute, and liberally construing age discrimination claim under the ADEA). "The ADEA makes it unlawful for an employer to discriminate against employees over age 40 on the basis of age." Caraway v. Sec'y, U.S. Dep't of Transp., 550 F. App'x 704, 708 (11th Cir. 2013) (per curiam) (citations omitted). "A plaintiff can establish age discrimination through either direct or circumstantial evidence." Sims v. MVM, Inc., 704

---

[7] "An employee establishes a prima facie case of discrimination in termination when the employee shows (1) membership in a protected class, (2) qualification for the position held, (3) termination, (4) and replacement with a person outside the protected class." Walker v. NationsBank of Fla. N.A., 53 F.3d 1548, 1556 (11th Cir. 1995).

F.3d 1327, 1332 (11th Cir. 2013).  Where a plaintiff seeks to establish age discrimination through only circumstantial evidence, the plaintiff must show that "(1) he was within the statute's protected class; (2) he was qualified for his position; (3) he was subjected to adverse employment action; and (4) he suffered from disparate treatment because of membership in the protected class." Caraway, 550 F. App'x at 709 (citing Kelliher v. Veneman, 313 F.3d 1270, 1275 (11th Cir. 2002)).  "ADEA discrimination claims are analyzed under the same framework as Title VII discrimination claims."  Langley v. NHB Indus., Inc., 2006 U.S. Dist. LEXIS 110952, at *7, 2006 WL 8436922, at *3 (N.D. Ala. Jan. 17, 2006) (citing Walker v. NationsBank of Fla., N.A., 53 F.3d 1548, 1556 (11th Cir. 1995)).

Although Morris recites the elements of a *prima facie* case of discrimination under Title VII and the ADEA, his complaint is absolutely devoid of factual allegations to support any claim under Title VII or ADEA that Morris seeks to make.  See Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting Twombly, 550 U.S. at 555).  Morris simply states his conclusions that he was discriminated against based on race, sex, and age, without providing any facts whatsoever in support of his conclusory assertions.  Further undermining the plausibility of Morris's Title VII and ADEA claims is the fact that he does not

19

specify his race, his age, the races, ages, or sexes of his replacements or other similarly situated persons who received comparatively better treatment, the protected activity he engaged in, the type of harassment he suffered, or any facts suggesting that the alleged hostile work environment was severe or pervasive. Even when prompted in the form EEOC Complaint to list the names and positions of all persons who allegedly discriminated against him during his employment at SIX, Morris did not list the name, position, or job title of a single such person. Nor did he provide any other specific details about the events forming the basis for his conclusory allegations. See Iqbal, 556 U.S. at 678 (noting that a complaint will not meet Rule 8 pleading standards "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting Twombly, 550 U.S. at 557). Thus, Morris's complaint falls painfully short of stating any type of claim for discrimination, retaliation, or hostile work environment under Title VII or the ADEA.

Morris also cryptically alleges that "Defendants breached an oral insurance contract." (Doc. 1-1 at 12). The only possible elaboration Morris provides regarding this claim is his allegation that he "was terminated and . . . did not receive insurance benefits." (See id.). "The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the

20

defendant's nonperformance; and (4) resulting damages." Wallace v. SunTrust Mortg., Inc., 974 F. Supp. 2d 1358, 1367–68 (S.D. Ala. 2013) (quoting Shaffer v. Regions Financial Corp., 29 So.3d 872, 880 (Ala. 2009)). Morris does not even recite these elements, let alone provide any factual matter from which the Court can identify each of the required elements of a breach of contract claim.

Morris further alleges that "defendants conduct towards [him] was extreme and outrageous" and "caused [him] severe emotional distress." (Doc. 1-1 at 12). If these allegations mean that Morris is bringing a claim for intentional infliction of emotional distress, also known as the tort of outrage, his complaint fails to sufficiently allege such a claim. The elements of the tort of outrage are: (1) the defendant intended to inflict emotional distress, or should have known that his or her acts would result in emotional distress; (2) the act was extreme and outrageous; (3) the act caused the plaintiff's distress; and (4) the plaintiff's emotional distress was so severe that no reasonable person could be expected to endure it. K.M. v. Ala. Dep't of Youth Servs., 360 F. Supp. 2d 1253, 1259 (M.D. Ala. 2005) (citing Harrelson v. R.J., 882 So. 2d 317, 322 (Ala. 2003)). The tort of outrage is an extremely limited cause of action that has been recognized in very few circumstances, with the guiding question being "whether the alleged conduct was so extreme in degree as to go beyond all possible bounds of decency and be regarded as atrocious and utterly

intolerable in a civilized society." See Wilson v. Univ. of Ala. Health Servs. Found., P.C., 266 So. 3d 674, 677 (Ala. 2017) (citation and internal quotation marks omitted). Since Morris has provided no description of "defendants conduct towards" him that would allow the Court to conclude that the conduct was extreme and outrageous, he has failed to state a plausible tort-of-outrage claim.

Finally, Morris's allegation of "fraud practiced against plaintiff by defendants" fails to meet the applicable pleading standards for a fraud claim. "The elements of fraud under § 6-5-100 of the Alabama Code are (1) a 'false representation [usually] concerning an existing material fact,' (2) the defendant knew that the representation was false when made or the defendant acted recklessly in making the representation, (3) the plaintiff was deceived by and relied on the representation, (4) the plaintiff's reliance was justified, and (5) the reliance proximately caused the plaintiff to be damaged." Brasfield v. Apple, 2016 U.S. Dist. LEXIS 110620, at *4, 2016 WL 4414703, at *2 (N.D. Ala. Aug. 19, 2016) (citing Patel v. Hanna, 525 So. 2d 1359, 1360 (Ala. 1988)). Rule 9(b) of the Federal Rules of Civil Procedure, like Alabama court rules, requires "that fraud be averred with particularity." Henderson v. Washington Nat. Ins. Co., 454 F.3d 1278, 1283 (11th Cir. 2006). Under Rule 9(b), a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the

time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the [plaintiff]; and (4) what the [defendant] gained by the alleged fraud."[8] <u>Ambrosia Coal & Const. Co. v. Pages Morales</u>, 482 F.3d 1309, 1316–17 (11th Cir. 2007) (citation omitted). The reason for the particularity requirement is to give the defendant fair notice of the substance of the charges. <u>Henderson</u>, 454 F.3d at 1284. Clearly, Morris's conclusory assertion that fraud was "practiced against [him] by defendants" falls far short of the notice requirements of Rule 8, and even further short of Rule 9(b)'s heightened pleading standard.[9]

---

[8] However, "Rule 9(b)'s heightened pleading standard may be applied less stringently . . . when specific 'factual information [about the fraud] is peculiarly within the defendant's knowledge or control.'" <u>Hill v. Morehouse Med. Assocs., Inc.</u>, 2003 U.S. App. LEXIS 27956, at *10, 2003 WL 22019936, at *3 (11th Cir. Aug. 15, 2003) (citations omitted). Also, allegations of intent or knowledge "need only 'give rise to a strong inference that the defendants possessed the requisite fraudulent intent.'" <u>Magnifico v. Villanueva</u>, 783 F. Supp. 2d 1217, 1228 (S.D. Fla. Apr. 27, 2011) (citations omitted).

[9] As noted, Morris's complaint purports to name at least ten fictitious defendants. While fictitious party practice is allowed under Alabama state procedural rules, it is prohibited in federal court. <u>See</u> <u>Collins v. Fingerhut Companies, Inc.</u>, 117 F. Supp. 2d 1283, 1285 (S.D. Ala. 2000); Fed. R. Civ. P. 10(a) (stating that the caption of complaint "shall include the names of all the parties"); <u>CSX Transp., Inc. v. United Transp. Union</u>, 236 F. App'x 562, 563 (11th Cir. 2007) (per curiam) "[T]he Federal Rules do not authorize suit against fictitious parties."); <u>Weeks v. Benton</u>, 649 F. Supp. 1297, 1298 (S.D. Ala. 1986) ("Fictitious party practice is not authorized by the Federal Rules of Civil Procedure or any other federal statute."). "Therefore, courts generally dismiss fictitious parties based on the notion that 'there is no

Although Morris's complaint is woefully deficient as drafted, dismissal at this juncture is premature. In this Circuit, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" Woldeab v. Dekalb Cnty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (holding that this rule does not apply to plaintiffs who have legal counsel)); see also Dowdell v. Lee Cnty., Ala., 2018 U.S. Dist. LEXIS 51628, at *14-15, 2018 WL 1519049, at *3 (M.D. Ala. Mar. 28, 2018) (noting that where plaintiff filed his complaint in Alabama state court, which has not adopted the heightened federal pleading standard, and where defendants removed the case to federal court and challenged the sufficiency of the plaintiff's allegations under

---

fictitious party practice in federal courts.'" Hobson v. Bibb Cty. Comm'n, 2008 WL 11424253, at *12 (N.D. Ala. Mar. 5, 2008) (citations omitted). However, the Eleventh Circuit has "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst surplusage.'" See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). Morris's complaint provides no description of any of the fictitious defendants and makes no allegations as to the conduct of any of the fictitious defendants, so there is no indication that this limited exception would apply in this case. Morris is cautioned that his amended complaint must comply with federal standards, including the principles regarding fictitious party practice described above.

the more stringent federal pleading standard, "justice is best served by allowing Plaintiff an opportunity to re-plead his claims under the federal pleading standard").

Therefore, while the complaint as drafted fails to state any viable claim, the appropriate course of action is to provide Morris the opportunity to amend the complaint to plead his claims with sufficient specificity to conform to Rules 8 and 10, and to the other applicable pleading standards described above.   This includes separating his causes of action or claims for relief into different counts; stating his allegations in numbered paragraphs that are each limited as far as practicable to a single set of circumstances; specifying the exact conduct that each Defendant, to the extent there are more than one, engaged in as to each count; making clear which factual allegations pertain to which claims; and providing the specific grounds upon which each of his claims for relief are based.   Additionally, Rule 20(a)(2) of the Federal Rules of Civil Procedure requires that only related claims be maintained in the same action.   Thus, Morris must file a separate complaint for each claim, unless the claims are related to the same incident or issue.   See Fed. R. Civ. P. 20(a)(2).

Morris "is cautioned that this Court cannot help him, draft his complaint for him, or overlook pleading defects in his filings merely because he is not represented by counsel."   See Braxter v. Ballard, 2014 U.S. Dist. LEXIS 47623, at *4, 2014 WL 1364508, at

*1 (S.D. Ala. Apr. 7, 2014). Morris "is further cautioned that he should not assume that he will be granted further opportunities to amend his pleading. If the amended complaint he chooses to file now remains legally and procedurally defective, this action may be dismissed with prejudice. Accordingly, [Morris] is strongly advised to consult with legal counsel for assistance in identifying, framing and pleading his claims in a manner that conforms to applicable pleading standards and rules of civil procedure." See id., 2014 U.S. Dist. LEXIS 47623, at *4-5, 2014 WL 1364508, at *1.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the undersigned **RECOMMENDS** that Morris's motion to remand (Doc. 6) be **DENIED**; that SIX's motion to dismiss (Doc. 2) be **DENIED without prejudice**; and that Morris be ordered to file and serve an amended complaint that conforms to the pleading standards outlined above.

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a]

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **9th** day of **June, 2020.**

_____/s/ SONJA F. BIVINS_____
**UNITED STATES MAGISTRATE JUDGE**
